## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**MITCH BERNIER,**

       **Plaintiff,**                  **Case No.:  8:10-cv-01820-T-23TBM**

       **vs.**

**FEDERAL BUREAU OF INVESTIGATIONS of the
DEPARTMENT OF JUSTICE of the UNITED STATES,
HILLSBOROUGH COUNTY SHERIFF'S OFFICE,
CITY OF TAMPA, MATTHEW ZALANSKY,
Individually, and WILLIAM GERGEL, Individually,**

       **Defendants.**

_____/

## DEFENDANT HILLSBOROUGH COUNTY SHERIFF'S OFFICE
## MOTION TO DISMISS

COMES NOW, Defendant, HILLSBOROUGH COUNTY SHERIFF'S OFFICE

("HCSO"),  by and through undersigned counsel, and files this *Motion to Dismiss*, pursuant

to FED. R. CIV. P. 12, and Local Rule 3.01, and in support thereof states:

1.  On or about September 9, 2010, HCSO was served with twelve separate but

related lawsuits, including the above-referenced case.[1]

2.  The instant lawsuit consists of a First Amended Complaint (Docket #5), which

Plaintiff Mitch Bernier ("Plaintiff Bernier") filed on August 30, 2010.

_____

[1]  In this matter, Plaintiff Bernier initially filed a Complaint (Docket #1) on August 13,
2010.  Said Complaint did not include HCSO and instead brought suit against Hillsborough
County, as well as the other listed Defendants.

3.  In the First Amended Complaint, Plaintiff Bernier brings suit against HCSO in Count Two for false arrest, Count Six for malicious prosecution and Count Twelve for an alleged civil rights violation under 42 USC §1983.

4.  All of the lawsuits filed against HCSO, including Plaintiff Bernier's, relate to a criminal investigation into the Latin Kings gang conducted initially by the FBI then Tampa Police Department and HCSO, which resulted in Plaintiff's arrest on August 20, 2006, and subsequent prosecution for RICO and Conspiracy to Commit RICO in Hillsborough Circuit Court, Case Number 06-CF-10169.  Said prosecution was concluded on or about February 16, 2007, when Plaintiff Bernier's criminal charges were *nolle prossed*.

## MOTION TO DISMISS COUNT TWO
## FALSE ARREST AGAINST HCSO

5.  Count Two of Plaintiff Bernier's First Amended Complaint alleges a supplemental State tort claim of false arrest against HCSO.  However, this claim is barred by § 95.11, Fla. Stat., and the applicable statute of limitations.

6.  Specifically, Count Two alleges that "[o]n August 20, 2006, Defendant unreasonably detained Mitchell Bernier by restricting his freedom and arresting him for alleged criminal acts Conspiracy [sic] to Engage in Pattern of Racketeering Activity" (Paragraph 169) and that Bernier "... was booked into the Hillsborough County Jail on August 20, 2006..."  (Paragraph 172).

7.  Accordingly, the plain language of Bernier's First Amended Complaint establishes that all of the elements of any cause of action for false arrest against HCSO accrued on

August 20, 2006.

8.   The First Amended Complaint, which made HCSO a party to this case, was not filed until August 30, 2010 (Docket #5).

9.   False arrest is an intentional tort[2] and the statute of limitations for false arrest is found in § 95.11(3)(o), Fla. Stat., which states that actions for false arrest must be commenced within four years.[3]   Therefore, the statute of limitations for Bernier's allegedly false arrest by HCSO began on the date of his arrest on August 20, 2006, and expired four years later, on August 20, 2010.

10.   Furthermore, the plain language of Plaintiff Bernier's First Amended Complaint establishes that the four year statute of limitations for him to bring any false arrest claim against HCSO based on the events of August 20, 2006, has not been tolled.   Specifically, § 95.051, Fla. Stat., enumerates the situations where the statute of limitations may be tolled. None of the circumstances listed in that statute apply or are even addressed in the First Amended Complaint.   "Furthermore, section 95.051(2) expressly precludes the use of any tolling provision not listed: 'No disability or other reason shall toll the running of any statute of limitations except those specified in this section...'"   *HCA Health v. Hillman*, 906 So.2d

---

[2]   *See e.g. Escambia County School Bd. v. Bragg*, 680 So.2d 571 (Fla.1st DCA 1996); *Richardson v. City of Pompano Beach*, 511 So.2d 1121 (Fla. 4th DCA 1987).

[3]   See also:  § 768.28(14), Fla. Stat.: Every claim against the state or one of its agencies or subdivisions for damages for a negligent or wrongful act or omission pursuant to this section shall be forever barred unless the civil action is commenced by filing a complaint... within 4 years after such claim accrues...

1094, 1098 (Fla. 2d DCA 2004). Florida has chosen not to adopt a "savings statute" that allows a plaintiff whose case has been dismissed otherwise than on the merits to pursue the action even though the statute of limitations has run. *HCA Health v. Hillman*, 906 So.2d 1094, 1098 (Fla. 2d DCA 2004). Therefore, excusable neglect or mistake are excluded as grounds in Florida for tolling the statute of limitations. *Lee v. Simon*, 885 So.2d 939 (Fla. 4th DCA 2004).

11. Furthermore, Plaintiff Bernier's filing of his initial Complaint (Docket #1) against Hillsborough County on August 13, 2010, did not commence any action whatsoever against HCSO and was therefore ineffective as far as complying with the statute of limitations. *See e.g. Gilliam v. Smart*, 809 So.2d 905 (Fla. 1st DCA 2002); *Lee v. Simon*, 885 So.2d 939 (Fla. 4th DCA 2004); *Click v. Pardoll*, 359 So.2d 537 (Fla. 3d DCA 1978); *Thomas v. Process Equipment Corp.*, 397 N.W.2d 224 (1986). Under these circumstances, a lawsuit filed against Hillsborough County does not constitute a lawsuit filed against HCSO and HCSO is a new, separate and distinct defendant. Specifically, a Sheriff is a constitutional officer elected in accordance with Florida law, as opposed to Hillsborough County and it's elected Board of County Commissioners. In addition, the Florida Constitution, Title V - Judicial Branch, § 30.15, Fla. Stat., and § 26.49, Fla. Stat., *inter alia*, sets forth the powers, duties, and obligations of the Sheriffs, which are unique and separate from Hillsborough County.

12. For example, in *Louis v. South Broward Hospital*, 353 So.2d 562 (Fla. 4th DCA 1977), the plaintiffs filed suit two days before the statute of limitation expired. Thereafter,

the plaintiffs amended the complaint to add another defendant.  That Court found that the limitations statute was only satisfied as to the "... particular defendant named in the original complaint."  *Louis v. South Broward Hospital*, 353 So.2d 562 (Fla. 4th DCA 1977). Furthermore, that court found that an amendment which brings new parties into the suit could not satisfy (or toll) the statute of limitations.

13.   A motion to dismiss should be granted on statute of limitations grounds in situations such as this, where the facts constituting the defense affirmatively appear on the face of the complaint and establish that the statute of limitations bars the action as a matter of law.  *Aquatic Plant v. Paramount*, 977 So. 2d 600 (Fla. 4th DCA 2007).  Plaintiff Bernier's allegations establish that any claims against HCSO for false arrest have been brought outside the four year statute of limitations.

14.   Accordingly, this Court should dismiss Count Two, consisting of Plaintiff Bernier's claim of false arrest against HCSO, because any such claim violates the statute of limitations.

15.   Because the law on the issue of the statute of limitations is very well settled, HCSO is entitled to the expenses associated with this Motion to Dismiss pursuant to § 57.105, Fla. Stat.

## MOTION TO DISMISS COUNT SIX
## MALICIOUS PROSECUTION AGAINST HCSO

16. Count Six of Plaintiff Bernier's First Amended Complaint alleges a supplemental State tort claim of malicious prosecution against HCSO.  However, this claim is barred by

§ 768.28, Fla. Stat., the Florida sovereign immunity statute.

17.   Specifically, Count Six of Plaintiff Bernier's First Amended Complaint alleges that HCSO's actions "... caused Plaintiff to be prosecuted by the Hillsborough County State Attorney's Office" (Paragraph 214) and HCSO "... exhibited malice in its actions of attempting to formally prosecute Plaintiff for RICO and Conspiracy to Commit RICO." (Paragraph 217).

18.   However, Count Seven of Plaintiff Bernier's First Amended Complaint also alleges a malicious prosecution claim against HCSO employee Defendant William Gergel ("Gergel").  Specifically, Plaintiff Bernier alleges that at all material times, Gergel was an employee of HCSO (Paragraph 9) and at all material times he was acting "... under color of state law and within the scope of his employment as a law enforcement officer for HCSO." (Paragraph 10).

19.   Furthermore, Plaintiff Bernier's claims that Gergel: illegally arrested him (Paragraph 222), failed to properly supervise "his" confidential informant (Paragraph 222), arrested him without probable cause (Paragraph 223), and exhibited malice in his actions of attempting to formally prosecute him (Paragraph 225).

20.   § 768.28, Fla. Stat., establishes certain circumstances and procedures wherein state agencies or subdivisions, such as HCSO, waive sovereign immunity and exceptions to said waiver.  This includes § 768.28(9)(a), Fla. Stat., which holds that "[t]he state or its subdivisions shall not be liable in tort for the acts or omissions of an officer, employee, or agent committed while acting outside the course and scope of her or his employment or

committed in bad faith or with *malicious purpose* or in a manner exhibiting wanton and willful disregard for human rights, safety, or property." *(Emphasis added)*.

21.   Therefore, Plaintiff Bernier's allegations that HCSO is responsible for the actions of Gergel when Gergel's actions exhibited malice, is in contravention of § 768.28, Fla. Stat. Accordingly, based on these allegations, HCSO is immune from suit for malicious prosecution since § 768.28, Fla. Stat., immunizes government agencies from malicious acts of employees and malice is a necessary element of malicious prosecution.  *See e.g. Florida EPA v. Green,* 951 So.2d 918 (Fla. 4th DCA 2007); *Johnson v. HRS,* 695 So.2d 927 (Fla. 2d DCA 1997); *Richardson v. Pompano Beach,* 511 So.2d 1121 (Fla. 4th DCA 1987).

22.   As a result, this Court should dismiss Count Six of Plaintiff Bernier's First Amended Complaint, as said claim is barred by Florida law relating to sovereign immunity.

23.   Because the law on the issue of sovereign immunity is very well settled, HCSO is entitled to the expenses associated with this Motion to Dismiss pursuant to § 57.105, Fla. Stat.

## MOTION TO DISMISS COUNT TWELVE
## 42 USC § 1983

24.   Count Twelve of Plaintiff Bernier's First Amended Complaint alleges a civil rights violation by HCSO.  However, Bernier has failed to state a claim under which relief can be granted pursuant to FED. R. CIV. P. 12(b).

25.   Count Twelve of Plaintiff Bernier's First Amended Complaint purportedly alleges that HCSO has a custom and policy that resulted in a deprivation of Plaintiff's civil

rights.  However, Plaintiff Bernier simply re-alleges earlier allegations related to the State claims of false arrest and malicious prosecution in alleging that HCSO "illegally arrested" him (Paragraph 280), failed to properly supervise its confidential informant (Paragraph 280), caused Bernier to be prosecuted by the Hillsborough County State Attorney's Office (Paragraph 280), and exhibited malice in formally prosecuting him (Paragraph 283).

26.  Bernier then concludes his allegations in Count Twelve by simply stating that "[HCSO's] custom, practice and/or policy of supervising confidential informants and defining "gang activity" is directly liable in causing the Plaintiff to be unreasonable [sic] arrested, formally charged and prosecuted for RICO and Conspiracy to Commit RICO." (Paragraph 284).

27.  It is without dispute that a plaintiff may bring a claim under 42 USC §1983 against a municipal defendant for deprivation of a federal right pursuant to an official policy, practice or custom.  *Riebsame v. Prince*, 267 F.Supp.2d 1255, 1233 (M.D. Fla. 2003)

28.  However, a plaintiff may not simply put forth vague and conclusory allegations alleging the existence of an official policy.  A plaintiff bringing a claim against a municipal defendant must also allege that a course of action was consciously chosen, or officially sanctioned or ordered.  *Riebsame,* 267 F.Supp.2d at 1233; *Perez v. Metropolitan Dade County*, 2006 WL 4056997 (S.D. Fla. 2006); see also *Cannon v. Macon County*, 1 F.3d 1558, 1565 (11th Cir. 1993); *Rosario v. Miami-Dade County*, 490 F.Supp.2d 1213 (S.D.Fla. 2007).

29.  The mere mention of a policy or custom is insufficient, and a plaintiff must do more than simply allege that such an official policy exists *Perez v. Metropolitan Dade*

*County*, 2006 WL 4056997 (S.D. Fla. 2006). Bald and conclusory allegations cannot support a complaint nor give a municipal defendant notice as to what claims they are defending against. *See Grier v. State of Florida*, 2005 WL 1073932 (M.D. Fla. 2005).

30. In the case at bar, Plaintiff Bernier has clearly not met even the minimal pleading requirements discussed above to impose civil rights liability on HCSO. Plaintiff has merely asserted conclusory allegations, unwarranted factual deductions and legal conclusions related to the claims of false arrest and malicious prosecution. Plaintiff has also referenced or relied on extremely vague and incomprehensible allegations about HCSO's "custom, practice and/or policy" in pleading the civil rights claim under 42 U.S.C. § 1983.[4]

31. Therefore, this Court should find that Bernier's First Amended Complaint has not sufficiently articulated, identified or described any HCSO custom, policy or practice that caused him alleged injury and presents no set of facts that would entitle him to relief.

32. Accordingly, this Court should dismiss Plaintiffs' claims against HCSO for an alleged violation of 42 USC § 1983.

33. Because the law on this issue is well settled, this Court should consider awarding HCSO it's costs and/or fees pursuant to FED. R. CIV. P. 11, FED. R. CIV. P. 54, Local Rule 4.18, and 42 USC § 1988.

---

[4] Furthermore, the Middle District Court has historically been very deliberate in its evaluation of custom and policy allegations against law enforcement agencies. For example, in *Brown v. Miniet, et. al.,* 8:09-cv-1653-T-30EAJ, the Court specifically warned "... Plaintiff of Rule 11, FED. R. CIV. P., especially when making allegations that the Hillsborough County Sheriff's Office maintains policies and procedures condoning the use of battery in serving warrants." (Docket #14).

WHEREFORE, Defendant, HILLSBOROUGH COUNTY SHERIFF'S OFFICE hereby requests that this Honorable Court grant this *Motion to Dismiss,* and enter an Order dismissing Counts Two, Six, and Twelve of Plaintiff Mitch Bernier's claims contained in the First Amended Complaint, together with an award of attorney's fees and costs incurred in the defense of this matter, together with such further orders as justice requires.

Respectfully Submitted this 29th day of September, 2010.

*/s/ Christopher E. Brown  - Trial Counsel*
Christopher E. Brown, Esq.
Florida Bar No. 0986010
Attorney for Defendants,
Hillsborough County Sheriff's Office
William Gergel
2008 East 8th Avenue
Post Office Box 3371
Tampa, Florida  33601
813-247-8928; Fax: 813-242-1817
Email: chrisbro@hcso.tampa.fl.us

## CERTIFICATE OF SERVICE

*I HEREBY CERTIFY* that on September 29, 2010, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system that will send an electronic notice to Kimberly Kohn, 400 N. Ashley Dr., Ste 2180, Tampa, Fl., 33602 *(Attorney for Plaintiffs),* Ursula Richardson, 315 E. Kennedy Blvd., 5th Fl., Tampa, Fl., 33602 *(Attorney for City of Tampa).*  Notice will be sent via facsimile to: Robert Stoler, 201 N. Franklin St., Ste. 3200, Tampa, Fl., 33602 *(Attorney for Matthew Zalansky),* and Sean Flynn, 400 N. Tampa St., Ste 3200, Tampa, Fl., 33602-4798 *(Attorney for FBI).*

*/s/ Christopher E. Brown  - Trial Counsel*
Christopher E. Brown, Esq.
Florida Bar No. 0986010
Attorney for Defendants,
Hillsborough County Sheriff's Office
William Gergel
2008 East 8th Avenue

Post Office Box 3371
Tampa, Florida   33601
813-247-8928; Fax: 813-242-1817
Email: chrisbro@hcso.tampa.fl.us